UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NEONA M.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 18-5468-BAT

**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE**

Plaintiff seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits. She contends the ALJ erred in (1) assessing the medical opinion evidence, (2) discounting her testimony, and (3) discounting statements written by her mother.[1] Dkt. 13 at 2. For the reasons below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 47 years old, has a GED, and previously worked as a marketing manager and restaurant server. Tr. 333, 350. She filed applications for benefits in 2014 and 2015, alleging disability as of May 18, 2012. Tr. 279-98. Her applications were denied initially

---

[1] Plaintiff also assigns error to the ALJ's residual functional capacity assessment and the ALJ's step-five findings, but in doing so, reiterates arguments contained in these three assignments of error. Dkt. 13 at 18-19. Accordingly, they will not be addressed separately.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 1

and on reconsideration. Tr. 181-87, 189-207. The ALJ conducted a hearing on February 7, 2017 (Tr. 38-72), and subsequently found Plaintiff not disabled. Tr. 15-29. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1-6.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process, the ALJ found:

**Step one:** Plaintiff had not engaged in substantial gainful activity since May 18, 2012.

**Step two:** Plaintiff's obesity, diabetes with neuropathy, lumbar and thoracic degenerative disc disease, and depression are severe impairments.

**Step three:** These impairments did not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity ("RFC"):** Plaintiff can perform sedentary work with additional limitations: she can occasionally climb ramps and stars, and never climb ladders, ropes, and scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. She requires the use of a cane for ambulating more than ¼ mile, and would need the cane on uneven or rough terrain, but not for standing. She should avoid concentrated exposure to work hazards. She can perform simple, routine tasks. She can have occasional contact with co-workers and the general public, and can perform work involving routine and predictable changes in the work environment. She can frequently handle and finger bilaterally.

**Step four:** Plaintiff could not perform her past work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, she is not disabled.

Tr. 15-29.

## DISCUSSION

**A.     Plaintiff's Testimony**

The ALJ discounted Plaintiff's testimony for several reasons: (1) the objective evidence

---

[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 2

1 did not corroborate her allegations of disabling limitations; (2) she had limited treatment for the
2 conditions that she contends are disabling, and the treatment she has had is routine and
3 conservative; (3) she did not report to her providers all of the symptoms she described at the
4 hearing, and instead reported capabilities beyond what she described at the hearing. Tr. 21-25.
5 Plaintiff argues these reasons are not clear and convincing, as required in the Ninth Circuit. *See*
6 *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

### 1. Inconsistent medical evidence

Plaintiff contends an ALJ may not disregard a claimant's testimony solely based on whether the testimony is supported by the medical evidence. Dkt. 13 at 11. That may be true, but this was not the only reason provided by the ALJ. Plaintiff also argues the ALJ's "selective summary of the medical evidence" does not explain how the record contradicts her testimony (Dkt. 13 at 11-12), but she is mistaken. The ALJ explicitly explained how the medical record contradicts Plaintiff's claim, namely because the alleged disability onset date does not correspond to a worsening of her symptoms, her complaints of functional limitations caused by her neuropathy and spine disorder are not corroborated by testing, and treating providers did not observe a need for a cane/walker for ambulation during most of the adjudicated period. Tr. 21-24. The ALJ's analysis in this case is distinguishable from the mere recital of medical evidence in *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). Because the ALJ explained how the medical evidence contradicted Plaintiff's allegations, the ALJ did not err in discounting Plaintiff's testimony on this basis. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").

//

### 2. Limited treatment

Plaintiff challenges the ALJ's finding that her limited treatment undermined her complaints of disabling symptoms. This is a clear and convincing reason to discount Plaintiff's testimony. *See Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007). Substantial evidence supports the ALJ's determination. Plaintiff's view that receiving narcotic pain medication is not routine or conservative is but one reasonable interpretation of the evidence. As such the Court is required to affirm the ALJ's determination.

### 3. Inconsistent reports to providers

Plaintiff argues the ALJ erred in finding inconsistencies between how she described her symptoms and limitations in her benefits application, and what she reported to providers. Plaintiff does not dispute she failed to consistently report to providers she needed to recline during the day due to pain, but contends that the providers failed to record everything she reported. Dkt. 13 at 12-13. This is a speculative argument and thus does not establish the ALJ's finding was unreasonable; the argument accordingly fails. *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

Plaintiff also argues the ALJ erred in finding that her providers' failure to observe her using a walker does not contradict her testimony that she used a walker since early 2016, because she did not testify that she used a walker all of the time. Dkt. 13 at 13. Plaintiff did, however, testify that she gets "really bad breathing problems" that last 2-4 months and she needs the walker during those times, and yet her treatment notes from 2016 do not corroborate this. *See* Tr. 881-988.

The ALJ contrasted Plaintiff's report in 2015 to an examiner that she spent all day in bed and relied on her children for everything, with her contemporaneous treatment notes indicating more functionality. Tr. 25. Plaintiff again argues the providers' failure to document these assertions does not prove that she did not inform them of these limitations (Dkt. 13 at 13), but again this is far from the only reasonable interpretation of the record. Because the ALJ reasonably found that the record contained inconsistent symptom reporting, the ALJ did not err in discounting Plaintiff's testimony on that basis. *See, e.g.*, *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (affirming the ALJ's rejection of claimant's testimony because he did not report to providers the symptoms he claimed were disabling).

**B.     Plaintiff's Mother's Statements**

The record contains two third-party function report forms completed by Plaintiff's mother. Tr. 373-80, 427-34. The ALJ summarized Plaintiff's mother's statements, and found that her descriptions of Plaintiff's symptoms and limitations were inconsistent with the objective medical evidence, Plaintiff's treatment history, and Plaintiff's activity level "discussed throughout this decision." Tr. 27. The ALJ also noted Plaintiff's mother is not a medical source, which cast doubt on her reliability. *Id*.

The Court agrees that Plaintiff's mother's status as a lay witness is not a germane reason in itself to discount her statements. But the ALJ's other reasons are germane: they are the same reasons the ALJ discounted Plaintiff's testimony, and the ALJ explained those reasons in greater detail earlier in the decision. Tr. 21-25. Because the ALJ's reasoning with respect to Plaintiff's testimony was legally sufficient, those reasons are also adequate with respect to Plaintiff's mother's similar testimony. *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (because "the ALJ provided clear and convincing reasons for rejecting [the

claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony")).

**C.     Agency Personnel Statement**

Darla Johnson documented some observations of Plaintiff during the benefits application process, and the ALJ failed to discuss those observations. Tr. 413-14.

Any error in the ALJ's failure to discuss Ms. Johnson's observations is harmless, because all of the symptoms mentioned by Ms. Johnson were discussed in the ALJ's decision and accounted for in the RFC assessment to the extent the ALJ found them to be supported by substantial evidence. It should also be noted that Ms. Johnson indicated that none of the deficits she witnessed were marked in severity. Tr. 414. Plaintiff has not indicated how the ALJ's decision would have been different if the ALJ had discussed Ms. Johnson's statement, and therefore has failed to meet her burden to show a harmful error.

**D.     Medical Opinions**

Plaintiff contends the ALJ erroneously evaluated several medical opinions.[3] An ALJ must provide specific, legitimate reasons to discount a contradicted opinion written by an acceptable medical source, and germane reasons to discount an opinion written by a non-acceptable medical source. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996); *Molina v.*

---

[3] Plaintiff's discussion of the medical evidence also includes some arguments that fail to identify a legal error. Specifically, Plaintiff alleges (Dkt. 13 at 3) that the ALJ erred in failing to find that a treatment note written by Greg Zarelli, M.D., corroborates a nurse practitioner's medical opinion, but Dr. Zarelli did not mention any of the functional limitations described by the nurse practitioner. *See* Tr. 529.

Plaintiff also summarizes the opinions of Todd Bowerly, Ph.D., and states that the ALJ properly discounted those opinions, but summaries such as this do not establish the ALJ harmfully erred. Dkt. 13 at 10.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 6

1 *Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The Court will consider whether the ALJ's
2 decision meets this standard as to each disputed opinion in turn.

### 1. Mary Ann Browning, NP

In July 2013, Ms. Browning completed a DSHS form opinion describing Plaintiff's symptoms and limitations. Tr. 668-70. Ms. Browning opined Plaintiff could not sit or stand for even short periods of time, experienced drowsiness as a side effect of her medications, and had some memory loss. Tr. 668.

The ALJ found Ms. Browning's treatment notes did not corroborate the severity of the limitations described by Ms. Browning, and the evidence generally showed Plaintiff's normal motor strength, improvement with medication, and ability to complete activities of daily living, and did not mention the disabling memory loss or medication side effects described by Ms. Browning. Tr. 26.

Plaintiff does not cite any treatment notes that corroborate the extreme limitations she described. Dkt. 13 at 3. While she does cite some evidence of abnormalities, that evidence does not explicitly indicate Plaintiff could not sit or stand for even short periods of time. *Id*. Plaintiff also contends generally narcotic pain medications cause drowsiness (Dkt. 13 at 4), but a layperson's generalization in a court brief does not amount to corroboration for a medical opinion. Plaintiff does not dispute she did not report medication side effects to Ms. Browning, or her treatment notes do not document disabling memory deficits. She accordingly has failed to establish the ALJ harmfully erred.

Plaintiff also argues her daily activities are fully consistent with Ms. Browning's opinion, but overlooks the many activities she admitted completing that require sitting or standing for at least short periods of time. *See, e.g.*, Tr. 507 (Plaintiff reported the ability to cook, clean, shop

for groceries, and walk short distances for exercise), 689 (Plaintiff reported riding on a quad four-wheeler), 703 (Plaintiff reported upcoming travel), 760 (Plaintiff reported sitting in a car), 779 (Plaintiff reported that she completes her activities of daily living independently). Thus, Plaintiff has not shown the ALJ erred in finding that her activities were inconsistent with Ms. Browning's opinion.

In short, as the ALJ provided several germane reasons supported by substantial evidence to discount Ms. Browning's opinion, the ALJ did not err in discounting that opinion.

**2.   George Saltzberg, M.D.**

Dr. Saltzberg performed a physical evaluation of Plaintiff in September 2012, and limited her to less than two hours of standing/walking and less than two hours of sitting per workday. Tr. 512-15. The doctor found Plaintiff could lift/carry up to 10 pounds, but could not perform any postural activities. Tr. 515.

The ALJ gave some weight to Dr. Saltzberg's opinion, but found it heavily relied on Plaintiff's subjective reporting, and the sitting and postural limitations were inconsistent with the "weak objective evidence" of Plaintiff's spinal disorders and her limited treatment for them. Tr. 25-26. Plaintiff argues the ALJ erred in discounting Dr. Saltzberg's opinion based on evidence related to Plaintiff's spinal disorders, because Dr. Saltzberg's opinion was based on Plaintiff's diabetic neuropathy. Dkt. 13 at 8. But Dr. Saltzberg explicitly cited Plaintiff's "back pain" as the only cause of the sitting limitation, and one of the causes of the prohibition on postural limitations. *See* Tr. 515. Plaintiff has not established the ALJ's reasons to discount Dr. Saltzberg's opinion are not specific and legitimate, and thus has not shown error in this aspect of the ALJ's decision.

### 3. Gregory Allen May, Psy.D.

Dr. May performed a psychological evaluation of Plaintiff in March 2015. Tr. 773-76. The ALJ summarized Dr. May's opinion and discounted it as vague in that it does not explain specifically why Plaintiff is "likely to be unsuccessful at employment at this time." Tr. 776. The ALJ also found Dr. May's opinion was inconsistent with Plaintiff's limited treatment for mental health symptoms, as well as her reports of improvement when she did receive treatment. Tr. 26.

In her opening brief, Plaintiff argues because Dr. May's opinion is based on his clinical findings, the ALJ's reasons are not legitimate. Dkt. 13 at 8-9. The bare assertion Dr. May's opinion is supported by his observations does not challenge the reasons provided by the ALJ for discounting Dr. May's opinion. In her reply, Plaintiff argues the ALJ erred because Dr. May discussed many clinical findings that support his opinion, giving some examples. Dkt. 15 at 5. However, even assuming the ALJ erred here, the ALJ also gave other reasons to discount Dr. May's opinions which Plaintiff has failed to show are erroneously. Thus any error the ALJ might have committed in relying on a lack of clinical findings is harmless. *See See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d at 1162. In sum Plaintiff has failed to meet her burden to show the ALJ harmfully erred in discounting Dr. May's opinion.

### 4. Derek J. Leinenbach, M.D.

Dr. Leinenbach examined Plaintiff in April 2014 and March 2015. Tr. 632-35, 778-81. The ALJ gave significant weight to the 2015 opinion (except for the reaching and feeling limitations), which was more restrictive than the 2014 opinion. Tr. 25. Dr. Leinenbach found Plaintiff could reach and feel frequently, but the ALJ found no restrictions in those activities. Tr. 20, 781. Specifically, the ALJ found the record did not show significant or persistent deficits in

the range of motion of Plaintiff's arms or deficits as to sensation that would justify reaching/feeling limitations.  Tr. 20.

Plaintiff argues the reaching and feeling limitations were fully consistent with Dr. Leinenbach's findings of peripheral neuropathy, but does not address the findings cited by the ALJ.  Dr. Leinenbach himself found Plaintiff's upper extremities had preserved sensation and normal range of motion.  Tr. 780.  Plaintiff has not shown the ALJ erred in finding that those test results undermined Dr. Leinenbach's conclusions regarding Plaintiff's ability to reach and feel.

**5.     State agency opinions**

Plaintiff notes the ALJ gave significant weight to State agency opinions, but argues Plaintiff's hearing testimony indicates her mental symptoms worsened since the time of State agency review.  Dkt. 13 at 10.  But the ALJ discounted Plaintiff's hearing testimony for legally sufficient reasons, as discussed *supra*, and therefore Plaintiff has failed to identify an error in the ALJ's assessment of the State agency opinions.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 4th day of March, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge